UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, JUDY MESICK, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>Defendants. | No. 2:18-cv-2035 WBS KJN<br><br>MEMORANDUM AND ORDER RE:YOLO DEFENDANTS' MOTIONS TO DISMISS, SEVER, TRANSFER, AND STAY PLAINTIFF'S FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Pamela Pringle filed this action under 42 U.S.C. § 1983, claiming that defendants violated her civil rights during and after her incarceration in Idaho Department of

1

Correction ("IDOC") facilities. Defendants Brent Cardall, chief probation officer in the County of Yolo, and County of Yolo ("Yolo Defendants") move to dismiss the seventh and eighth causes of plaintiffs complaint. They also ask this court to sever and stay plaintiff's remaining claims against Yolo County, Brent Cardall, and Anthony Pennella, and to transfer the federal claims against all other defendants[1] ("Idaho defendants") to Idaho under 28 U.S. Code § 1404(a).

I. Factual and Procedural Background

On May 25, 2016, plaintiff, then a prisoner at Idaho Department of Correction Pocatello Women's Correctional Center, was informed that California had lodged a detainer against her for an untried pending felony. (First Amended Complaint ("FAC") ¶ 26 (Docket No. 7).) The Interstate Agreement on Detainers Act provides a mechanism through which prisoners incarcerated in one state may request a final disposition on indictments lodged against them in a second state. (Id. ¶ 24.) Plaintiff alleges that defendants Amanda Gentry, the Warden at Pocatello Women's Correctional Center, Cindy McDonald, the Interstate Coordinator for the Idaho Department of Correction Central Office, and Mark Alan Kubinski, a Deputy Attorney General assigned to the Idaho Department of Correction, repeatedly declined to process her request for a final disposition of her California indictment. (Id. ¶¶ 28, 30 & 45-48.) Plaintiff also alleges that following her transfer to South Boise Women's Correction Center on July 14,

---

[1] These claims are against Sandy Jones, Amanda Gentry, Noel Barlow-Hust, Judy Mesick, Cindy McDonald, Mark Alan Kubinski, Elisa Sue Magnuson, and John and Jane Does 1-20.

2016, defendant Barlow-Hust, the Warden at that facility, refused to process her request for a final disposition on the California indictment. (Id. 35-37.)

Plaintiff alleges that she was persistent in asking defendant Gentry to process her request for a final disposition on the California indictment. (Id. ¶ 40.) She also alleges that, at the direction of defendants Gentry and Kubinski, she was threatened with punitive measures if she continued to seek assistance in submitting a request for a final disposition on her California detainer. (Id. ¶¶ 41-43.)

Plaintiff alleges that on November 1, 2016, immediately after she was released from prison in Idaho and onto parole, she was illegally taken into custody by an IDOC officer and transported to Bannock County Jail to await transportation to California. (Id. ¶¶ 59-66.) These actions, plaintiff alleges, were taken pursuant to an illegal transport order drafted by defendants McDonald and Kubinski. (Id. ¶ 65.) Plaintiff alleges that during the more than 48 hours she spent at Bannock County Jail, as well as during the 13-hour trip from Idaho to Yolo County, California, she endured substandard conditions - e.g., her jail cell was brightly lit and loud 24 hours a day and she was denied water during the 13-hour trip from Idaho to California. (Id. ¶¶ 66-69.)

On December 30, 2016, plaintiff was released from the Yolo County detention facility, but was ordered to wear an electronic ankle monitor, remain in Yolo County, and to submit to supervision by the Yolo County Probation Department until the resolution of the California felony criminal case against her.

(Id. ¶ 70.)

Plaintiff claims that on or about January 26, 2017, an IDOC employee contacted her in California and directed her to apply for transfer of supervision of her Idaho parole to California under the Interstate Compact for Adult Offender Supervision ("ICAOS"). (Id. ¶ 71.) Responding in writing, plaintiff declined to do so and asserted that she was still under the jurisdiction of the Yolo County detainer and therefore ineligible to apply for transfer of supervision under the ICAOS. (Id. ¶ 72.)

On February 6, 2017, an IDOC employee allegedly ordered plaintiff to report to Sylvia Diaz of the Yolo County Probation Department for an Idaho parole check-in. (Id. ¶ 73.) Plaintiff was told that defendant Kubinski along with defendant Mesick, the Deputy Interstate Compact Commissioner for Idaho (id. ¶ 12), and defendant Jones, the Executive Director for the Idaho Commission of Pardons and Parole (id. ¶ 11), had decided that California would supervise plaintiff's Idaho parole. (Id. ¶ 73.)

Plaintiff alleges that she contacted Sylvia Diaz on February 6, 2017 and learned that on February 2, 2017 the Yolo County Probation Department had received an interstate compact application to transfer plaintiff's parole from Idaho to California. (Id. ¶ 73.) Plaintiff claims that she was not eligible to apply for transfer of supervision under ICAOS. (Id. ¶ 75). She claims that she neither initiated nor signed this application for an interstate compact (id. ¶ 81), and that it was defendant Mesick who fraudulently submitted plaintiff's interstate compact application. (Id. ¶ 77.)

4

|     |                                                                                      |
| --: | :----------------------------------------------------------------------------------- |
|  1  | According to plaintiff, defendant Mesick forwarded                                   |
|  2  | plaintiff an email on February 14, 2017, which stated that if                        |
|  3  | plaintiff did not consent to the transfer of her parole from                         |
|  4  | Idaho to California, plaintiff would receive a parole violation                      |
|  5  | and be re-incarcerated. (Id. ¶ 84.) On March 8, 2017, plaintiff                      |
|  6  | "reluctantly and belatedly" signed the "fraudulent Interstate                        |
|  7  | Compact Application." (Id. ¶ 86.)                                                    |
|  8  | In October 2017, plaintiff brought Pringle v. Gentry,                                |
|  9  | 2:17-cv-2206 ("Pringle I"), pro se against a variety of Idaho                        |
| 10  | correctional and parole officials, many of them also defendants                      |
| 11  | in the instant case. (Id. ¶¶ 91 & 93.) That case was assigned                        |
| 12  | to Judge Nunley. Plaintiff alleges that in retaliation for that                      |
| 13  | suit, defendants Jones, Mesick, and Kubinski conspired with                          |
| 14  | defendants Cardall and Pennella as well as with the Yolo County                      |
| 15  | Probation Department to issue a groundless parole violation                          |
| 16  | against plaintiff. (Id. ¶¶ 102-04.) Plaintiff alleges that at                        |
| 17  | all times between May 4, 2017, and November 3, 2017, she was in                      |
| 18  | compliance with the terms of her Idaho parole. (Id. ¶¶ 89-90.)                       |
| 19  | Plaintiff alleges that at some point between October 26, 2017,                       |
| 20  | and November 3, 2017, her status in the IDOC Offender Database                       |
| 21  | was changed from "Released to [parole] supervision" to                               |
| 22  | "Fugitive." (Id. ¶¶ 98-99.) Plaintiff contends that this change                      |
| 23  | occurred because of defendants' allegedly conspiratorial and                         |
| 24  | baseless report that plaintiff had absconded from parole. (Id.                       |
| 25  | ¶¶ 100-104.)                                                                         |
| 26  | On March 28, 2018, a hearing was held before Magistrate                              |
| 27  | Judge Claire in Pringle I. (Id. ¶ 123.) Plaintiff appeared                           |
| 28  | telephonically. (Id.) She alleges, however, that defendants                          |

Kubinski, Mesick, and Jones conspired with defendant Magnuson, a Deputy Attorney General for the state of Idaho (id. ¶ 15), to arrange for plaintiff to be detained by a United States Marshal working in the same building where the hearing was held. (Id. ¶ 125.)

Eventually, after the parties had litigated various jurisdictional and venue-related issues before Magistrate Judge Claire and Judge Nunley, Judge Nunley ordered the case transferred to the District of Idaho under 28 U.S.C. § 1404(a). Later that same day, plaintiff filed a notice of her voluntary dismissal without prejudice of that action under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i).

The complaint in this action, 2:18-cv-02035, ("Pringle II") was filed one week before Judge Nunley's ruling ordering Pringle I's transfer to Idaho. Citing Pringle I's transfer to Idaho and the fact that the court had not reached Pringle I's merits, Judge Nunley declined to relate Pringle I and Pringle II. (Minute Order (Docket No. 6).)

Plaintiff represented to the court that all of the defendants in this case were properly served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. (Docket Nos. 8-19.) Eight of the ten defendants, however, failed to respond or otherwise defend themselves in the time allotted under Rule 12. Plaintiff requested the clerk of court make entries of default against the following defendants: Amanda Gentry, Cindy McDonald, Elisa Sue Magnuson, Noel Barlow-Hust, Sandy Jones, Judy Mesick, Mark Alan Kubinski. (Docket No. 20.) Plaintiff also requested the clerk of court make an entry of default as to Anthony

| | |
|---|---|
| 1 | Pennella.  (Docket No. 23.)  The clerk did so on November 19 and |
| 2 | 27, 2018.  (Docket Nos. 22 & 24.)  On January 2nd, 2019, the |
| 3 | Idaho Defendants moved to have the default set aside and to quash |
| 4 | service of summons and the first amended complaint on the grounds |
| 5 | of improper service.  (Docket No. 30.) |

I. <u>Analysis</u>

    A. <u>Motion to Dismiss</u>

Defendants County of Yolo and Brent Cardall now ask this court to dismiss plaintiff's seventh and eighth causes of action.

        1. <u>Nature of the Seventh and Eighth Causes of Action</u>

A preliminary question concerns the nature of these claims.  In their Motion to Dismiss, the Yolo Defendants characterize these causes of action as state law tort claims. (Mem. in Supp. of Yolo Defs.' Mots. to Dismiss, Sever, Transfer and Stay Plaintiff's FAC at 6-9 (Docket No. 21).)  In her opposition to that motion, plaintiff denies that the seventh and eighth causes of action are state law claims.  (Opp. to Defs. County of Yolo and Brent Cardall's Mots. to Dismiss, Sever, Transfer and Stay at 3 (Docket No. 25.))  Instead, plaintiff states, they are "clearly" <u>Monell</u> claims against Yolo County based on predicate violations of the First, Fifth, Eighth and Fourteenth Amendments.  (<u>Id.</u>)  She suggests that the court construe the seventh and eighth causes of action as duplicative of the sixth cause of action and grant her leave to incorporate their allegations into the sixth cause of action.  The court declines to do so.

There is nothing in the complaint to suggest that

either the seventh or the eighth cause of action is a Monell claim. Both causes of action are clearly state law tort claims. A comparison between the complaint's sixth cause of action and the seventh and eighth causes of action is illustrative. The caption of the former reads "MONNELL CLAIM" in bold, all-capital letters (FAC at 34); the captions of the latter two read "Negligent Hiring and Supervision" and "Negligent Training," respectively (id. at 36 & 38). While the sixth cause of action is brought exclusively against the County defendant, the seventh and eighth causes of action are brought against the County as well as against individual defendant Brent Cardall. (Compare id. at 34 and id. at 36 & 38.) Perhaps most damningly, in contrast to the sixth cause of action - - which references various constitutional rights as well as the "policies and customs" of the county that led to their alleged violation in the instant case (id. ¶ 173) - - the seventh and eighth causes of action reference only California Government Code §§ 815.2 and 820 (id. ¶¶ 185 & 195). Moreover, the allegations presented in both causes of action concern not the customs and practices of the county and their impact on plaintiff's constitutional rights, but rather defendants' "duty of care" to plaintiff and its "negligence" in hiring and training.

When evaluating a Rule 12(b)(6) motion to dismiss, a court cannot "look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, in considering the Yolo Defendants' Motion to Dismiss the seventh and eighth causes

of action, this court will ground its reading of those claims in the plain language of the complaint. As such, the analysis herein is premised on the fact that the seventh and eighth causes of action are state law tort claims.

### 2. Legal Standard

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (2007).

### 3. Discussion

Under the California Tort Claims Act, a plaintiff may not sue a public entity or public employee without first presenting a timely written claim for damages to the entity. Cal. Gov't Code § 911.2; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part"). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal] for not stating facts sufficient to constitute a cause of action." Shirk v. Vista Unified Sch. Dist.,

42 Cal. 4th 201, 209 (2007).

Plaintiff does not allege that she has complied with the California Tort Claims Act by timely filing a notice of her state law tort claims with the appropriate entities. The complaint does not even offer any excuse or justification for plaintiff's lack of compliance with the California Tort Claims Act. As such, plaintiff's seventh and eighth causes of action do not state a plausible claim.

The movants advance several other theories in support of their Motion to Dismiss. Because the court will dismiss these claims for failure to allege pre-suit claim compliance, however, it will not reach the merits of those arguments.

B. Motions to Transfer, Sever, and Stay

The Yolo Defendants move for a change of venue to the District of Idaho. Since venue in the Eastern District of California is proper,[2] this motion is appropriately governed by 28 U.S.C. § 1404(a). It states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S. Code § 1404(a).

---

[2] Any impropriety of venue that may have existed was cured when the Idaho defendants waived venue by failing to respond to the complaint. See Hoffman v. Blaski, 363 U.S. 335, 343 (1960) ("[V]enue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default"). With respect to the Yolo Defendants and defendant Pennella, venue is proper because at least one resides in this judicial district and all are residents of California, the state in which this judicial district is located. See 28 U.S. Code § 1391(b)(1).

Even if this action could have been brought in the District of Idaho,[3] transfer would not be appropriate. All of the non-defaulting parties in this action reside in California. It would be nonsensical to suggest that any of them, let alone defendants against whom default has already been entered, would benefit from the transfer of this case to Idaho.

Movants ask this court to facilitate transfer by severing the claims against the Idaho defendants from those against the other defendants and then transferring only the former to the District of Idaho. (Id. at 10-12.) Though severance of "any claim against a party" is within the court's discretion, see Fed. R. C. P. 21, severance is not appropriate in this case. Default has already been entered against the Idaho defendants. (See Docket No. 22.) Accordingly, at present, the only outstanding issue with respect to the Idaho defendants is damages. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (holding that when a defendant has defaulted, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Before entering judgment on the Idaho defendants' default, this court will also need to consider the scope of its personal jurisdiction with respect to them. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a

---

[3] As the movants concede, this action could not have been brought in the District of Idaho since that district lacks personal jurisdiction over several of the defendants in this case, e.g. the Yolo Defendants and defendant Anthony Penella. (Mem. in Supp. of Yolo Defs.' Mots. to Dismiss, Sever, Transfer and Stay Plaintiff's FAC at 10.)

11

district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). This mere fact, however, does not warrant taking the unusual procedural step of severing the question of the damages against the Idaho defendants from the rest of this action and then transferring it alone to the District of Idaho.

IT IS THEREFORE ORDERED that defendants County of Yolo and Brent Cardall's Motion to Dismiss the seventh and eighth causes of action of the complaint be, and the same hereby is, GRANTED. (Docket No. 21.) The seventh and eighth causes of action are hereby DISMISSED.

IT IS FURTHER ORDERED that County of Yolo and Brent Cardall's Motions to Sever, Transfer, and Stay (Docket No. 21) be, and the same hereby are, DENIED.[4]

Dated: January 14, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] A hearing on the Idaho defendants' motion to have the entry of default against them set aside is scheduled for February 19, 2019. If that motion is granted, defendants would be free to renew their motions to sever and transfer claims against the Idaho defendants.