UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>Defendants. | No. 2:18-cv-2035 WBS KJN<br><br><u>ORDER RE: CONDITIONAL SETTING ASIDE OF ENTRY OF DEFAULT</u> |

----oo0oo----

Following the clerk's entry of default against them, defendants Noel Barlow-Hust, Amanda Gentry, Sandy Jones, Mark Alan Kubinski, Elisa Sue Magnuson, Cindy McDonald, and Judy Mesick ("the Idaho defendants") moved this court to set that default aside. (Docket No. 30.) In its order regarding that motion, the court withheld decision on whether to condition the

1

setting aside of default as to the Idaho defendants on their payment of reasonable attorney's fees and costs for the preparation of plaintiff's Motion for Default Judgment. (See Order Re: Defendants' Motion to Set Aside the Default at 2 (Docket No. 46).) Having reviewed the parties' submissions regarding this issue (Docket Nos. 51 & 52), the court addresses attorney's fees and costs here.

I. Factual and Procedural Background

The First Amended Complaint was filed on August 3, 2018. (Docket No. 7.) Plaintiff's counsel mailed the summons and complaint to the Idaho defendants in early October 2018. (Docket Nos. 13-19.) The summons stated, in relevant part, "YOU ARE HEREBY SUMMONED and required to serve on Hans William Herb . . . an answer to the complaint which is served on you with this summons, within 21 days after service of this summons on you, exclusive of the day of service" (emphasis in original). Though the summons and the first page of the complaint were full-size, the rest of the complaint was reduced in size. Between October 12, 2018, and October 25, 2018, the Idaho Defendants received plaintiff's mailings. (Magnuson Aff. In Supp. of Denial of Pl.'s Request for Atty's Fees and Costs ¶ 4 (Docket No. 51).) They claim, however, that they did not realize these documents were intended to effectuate service. (See Gentry Aff. ¶ 6 (Docket No. 32-4); Jones Aff. ¶ 6 (Docket No. 30-10); McDonald Aff. ¶ 7 (Docket No. 30-5); Magnuson Aff. ¶ 8 (Docket No. 30-6); Mesick Aff. ¶ 7 (Docket No. 30-7); Kubinski Aff. ¶ 9 (Docket No. 30-8); Barlow-Hurst Aff. ¶ 6 (Docket No. 30-9).) Rather than contacting plaintiff's counsel to inquire about the materials they received

2

or filing a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), defendants ignored the summons and did nothing.

On November 10, 2018, plaintiffs requested entry of default as to the Idaho defendants. (Docket No. 20.) The clerk entered the requested default on November 19, 2018. (Docket No. 22.) On November 20, 2018, plaintiff's counsel began working on a Motion for Default Judgment. (Pl.'s Response to Court Order Re: Mot. to Set Aside Conditioned Upon Payment of Att'y Fees at 5 (Docket No. 52).)

On December 7, 2018, plaintiff's counsel and Elisa Magnuson spoke on the phone regarding the possibility of plaintiff stipulating to setting aside the default. (Magnuson Aff. in Supp. of Denial of Pl.'s Request for Atty's Fees and Costs ¶ 5.) By that time, however, plaintiff's application for default judgment against the Idaho defendants was "mostly done." (Pl.'s Response to Court Order Re: Mot. to Set Aside Conditioned Upon Payment of Att'y Fees at 5.)

On December 10, 2018, Magnuson followed up with plaintiff's counsel via an email stating that if plaintiff did not stipulate to setting aside the default by December 17, 2018, the Idaho defendants would move to set aside the default. (Pl.'s Response to Court Order Re: Mot. to Set Aside Conditioned Upon Payment of Att'y Fees at 6.)

Plaintiff did not stipulate to setting aside the default by December 17, 2018, and, on January 2, 2019, the Idaho defendants filed their Motion to Set Aside Default. (Docket No. 30.) Several hours later, plaintiff filed her Motion for Entry

of Default Judgment. (Docket No. 31.)  In her subsequently filed opposition to the Idaho Defendants' Motion to Set Aside Entry of Default, plaintiff asked that if the court granted that motion, it do so on the condition that the Idaho Defendants pay reasonable attorney's fees and costs for the preparation of plaintiff's Motion for Default Judgment.  (Pl.'s Opp. to Mot. to Set Aside Default at 24 fn.8 (Docket No. 42).)

II. Discussion

    District courts may condition the setting aside of an entry of default on the payment of sanctions. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988)(holding that "it is appropriate to condition setting aside a default upon the payment of a sanction."). "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." Id. at 1546 (9th Cir. 1988).  One of the most frequently imposed sanctions is to require "the defendant [to] reimburse the plaintiff for costs incurred because of the default." Id.  Indeed, courts granting conditional relief from entry of default have frequently required payment of attorneys' fees associated with the preparation of a motion for default judgment. See Citadel Ltd. v. Dileo, No. LA CV-10-06304 JAK JCGx, 2011 WL 13217385 at *2 (C.D. Cal. Aug. 11, 2011)(conditioning relief from an entry of default on defaulting defendants' paying plaintiff "reasonable fees and expenses associated with . . . preparing the motion for a default judgment"); Leadership Studies, Inc. v. Readytomanage, Inc.,

2:15-cv-09459 CAS AJWx, 2016 WL 4425713 (C.D. Cal. Aug. 16, 2016)(ordering defendants to pay attorneys' fees stemming from plaintiff's motion for default judgment).

In holding that courts could condition the setting aside of an entry of default under Rule 55(c) on the defaulting parties' compliance with sanctions, the Nilsson court pointed to the prejudice caused by parties who flout procedural rules and court orders. It explained:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

Nilsson, 854 F.2d at 1547 (quoting G-K Props. v. Redev. Agency, 577 F.2d 645, 647 (9th Cir. 1978).)

Litigants who disregard a court summons are no less culpable, and their defiance is no less deleterious in its effects: the time of opposing counsel, as well as the time and resources of the court, have been wasted because of the defendants' conduct.

The Idaho defendants claim that because much of the complaint attached to the summons was of reduced size, they did not realize that any action was required on their part. This argument strains credulity; the summons issued to them was full-size and its language was clear and unambiguous. The obligation to answer service of process is not contingent on the size of the font.

But for the Idaho defendants' blatant disregard of this

court's summons, the plaintiff would not have had to draft a Motion for Entry of Default Judgment. What is worse, but for the Idaho defendants' conduct, this court would not have had to take time away from adjudicating substantive legal issues to referee fee requests.

Accordingly, plaintiff's request that the setting aside of the Idaho defendants' default be conditioned on their payment of attorney's fees and costs associated with the preparation of plaintiff's Motion for Entry of Default Judgment is GRANTED.

Within fourteen (14) days of this order, plaintiff shall submit to the court an itemized fee and cost request accompanied by all relevant records and receipts.

The Idaho defendants may file any response to the itemized request within seven (7) days.

IT IS SO ORDERED.

Dated: March 19, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE