UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>Defendants. | No. 2:18-cv-02035 WBS KJN<br><br>ORDER RE: PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AND COSTS |

----oo0oo----

Following the clerk's entry of default against them, defendants Noel Barlow-Hust, Amanda Gentry, Sandy Jones, Mark Alan Kubinski, Elisa Sue Magnuson, Cindy McDonald, and Judy Mesick ("the Idaho defendants") moved this court to set aside the entry of default. (Docket No. 30.) The court granted that motion on the condition that the Idaho defendants pay attorney's fees and costs associated with plaintiff's preparation of a Motion for

1

Entry of Default Judgment against the Idaho defendants. (Docket No. 56.) The court previously reviewed the legal basis for that ruling (id.) as well as the factual and procedural events that precipitated it (id.). Rather than revisit those issues here, the court turns to the accounting work necessary for the implementation of its order. Specifically, having reviewed plaintiff's Application for Attorney Fees and Costs (Docket No. 62), the affidavit of plaintiff's counsel, Hans W. Herb (Docket No. 62-1), and the Idaho defendants' response to plaintiff's application (Docket No. 64), the court addresses the amount of plaintiff's attorney's fees and costs to be paid by the Idaho defendants.

In calculating the amount of an award of attorneys' fees, the court will use a lodestar calculation, i.e., the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Allen v. Shalala, 48 F.3d 456, 458 (9th Cir. 1995). There is a strong presumption that the lodestar amount is reasonable. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted). However, the court may adjust the lodestar figure if various factors overcome the presumption of reasonableness.[1] Hensley v. Eckerhart, 461 U.S.

---

[1] The court may adjust the lodestar figure on the basis of the Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the

424, 434 (1983).

I. <u>Number of Hours Reasonably Expended</u>

Plaintiff requests that the court award 56.1 hours of attorneys' fees in connection with the preparation of plaintiff's Motion for Entry of Default Judgment. (Pl.'s Appl. for Att'y Fees & Costs at 2.) The Idaho defendants contend that only 12.1 of those hours ought to be recoverable by plaintiff. (Idaho Defs.' Resp. to Req. for Att'y Fees & Costs ("Defs.' Resp,") at 5.)

    A. <u>Scope of Recoverable Hours and Costs</u>

The Idaho defendants argue that though the court granted recovery of fees and costs associated with the plaintiff's Motion for Entry of Default Judgment, plaintiff has speciously requested "all fees and costs associated whatsoever with the default process." (Defs.' Response at 3-4.)

The court's March 19, 2019, order conditioned the setting aside of the Idaho defendants' default on "their payment of attorney's fees and costs associated with the preparation of plaintiff's Motion for Entry of Default Judgment." (Order at 6.) Neither costs associated with the application of clerk's entry of default, nor other costs associated with the litigation process were contemplated by the order. Accordingly, the court disallows the following billing entries because they are not sufficiently associated with the preparation of plaintiff's Motion for Entry

---

case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975).

3

of Default Judgment:

1. 1.2 hours on 11/10/18 for "Review case file and service documents; review and finalize Application for Clerk's Entry of Default as to Idaho Defendants;"
2. .2 hours on 11/19/18 for "Review Clerk's Entry of Default as to Idaho defendants;"
3. 2.9 hours on 11/20/18 for "Review current and former Interstate Compact Rules of the Interstate Commission for Adult Offender Supervision (ICAOS);"
4. 1.3 hours on 11/21/18 for "Conference with client regarding ICAOS rules, case facts and default prove-up application;"
5. 2.2 hours on 11/27/18 for "Research on emotional distress damages; review damage awards in California cases;"
6. .8 hours on 1/02/19 for "Review Idaho defendants' Motion to Set Aside Default;"
7. 3.2 hours on 1/22/19 for "Begin preparing Opposition to Motion to Set Aside Default, including legal research;"
8. 1.8 hours on 1/24/19 for "Continue preparing Opposition to Motion to Set Aside Default, including Affidavit;"
9. .7 hours on 2/4/19 for "Finalize Opposition to Motion to Set Aside Default;"
10. .6 hours on 2/11/19 for "Review Idaho defendants'

Reply to Motion to Set Aside Default; conference with client;"

11. 2.8 hours on 2/18/19 for "Review file and prepare for oral argument on Defendants' Motion to Set Aside Default;"

12. 7.8 hours on 2/19/19 for "Attending hearing on Idaho Defendants' Motion to Set Aside Default; travel to and from Sacramento;"

13. .3 hours on 2/21/19 for "Review Court's Order conditionally granting Motion to Set Aside Default and ordering supplemental service;"

14. .5 hours on 2/26/19 for "Review transcript of proceedings held 2/19/19-- Motion to Set Aside;"

15. .8 hours on 2/27/2019 for "Effectuate Supplemental Service on Idaho defendants; Review and finalize Notice re: Supplemental Service on Idaho defendants."

16. 1.2 hours on 3/6/2019 for "Begin preparation of Response to Court's 2/21/19 Order re: payment by Idaho defendants of attorney fees;"

17. .7 hours on 3/7/2019 for "Finalize Response to Court's 2/21/19 Order re: attorney fees;"

18. .4 hours on 3/7/2019 for "Review Idaho Defendants' Response to Court's 2/21/19 Order re: attorney fees; conference with client;"

19. .2 hour on 3/20/19 for "Review Court Order granting attorney fees to Plaintiff as a Condition of Setting Aside Default;"

20. 1.9 hours on 3/26/2019 for "Prepare Ex Parte
    Application to Strike Defendants' Motion to Set
    Aside Default, or in the alternative, to vacate
    or continue briefing schedule; conference with
    client;"
21. .4 hours on 3/29/2019 for "Review Idaho
    Defendants' Response to Ex Parte Application to
    Strike, et al.; conference with client;"
22. 1.7 hours on 4/1/2019 for "Draft Application for
    Fees and Costs, including Declaration; conference
    with client;"
23. 1.1 hours on 4/3/2019 for "Finalize and file
    Application for Fees and Costs."

B. Hours Billed After December 7, 2018

In her opposition to the Idaho defendants' Motion to set aside the default, plaintiff claimed that the Idaho defendants "threw a wrench" in the work she had done on the Motion for Entry of Default Judgment by failing to respond to the summons and complaint and then "at the last minute prior to Plaintiff filing her application [for entry of default judgment]" filing a Motion to Set Aside Entry of Default. (Pl.'s Opp. to Mot. to Set Aside Default (Docket No. 42) at 20.) This allegation was belied, however, by Exhibit A to Magnuson's Affidavit, a December 10, 2018, email in which Magnuson tells Herb that defendants will move to set aside entry of default if the plaintiff does not stipulate to setting it aside. (Magnuson Aff. in Supp. of Denial of Pl.'s Req. for Att'y Fees & Costs, Ex. A.) Thus, nearly a month before she filed her Motion for Default

6

Judgment, plaintiff knew, or should have known, that the Idaho defendants planned to move to have the entry of default against them set aside.

It is not clear to the court why plaintiff continued work on her Motion for Entry of Default Judgment once she knew that the Idaho defendants intended to move to have the entry of default against them set aside. Regardless, the court will not force the Idaho defendants to underwrite this choice. See E. & J. Gallo Winery v. Cantine Rallo, S.p.A., 430 F. Supp. 2d 1064, 1095 (E.D. Cal. 2005) (Wanger, J.) (conditioning setting aside of default on defendant's payment of plaintiff's attorney's fees associated with the default proceedings, but disallowing those fees and costs incurred after defendant informed plaintiff of its intention to defend). Accordingly, the court disallows all billing entries corresponding to the drafting of the Motion for Entry of Default Judgment which are dated December 11, 2018, or later. Specifically, the following billing entries are disallowed:

1. 2.9 hours on 12/31/18 for "Finalize Motion for Default Judgment and Declarations;"
2. .1 hours on 01/03/19 for "Review Court's Minute Order requiring noticed hearing on Default Judgment Application;"
3. .3 hours on 01/03/19 for "Finalize Notice of Hearing on Motion for Default Judgment;"
4. .1 hours on 01/04/19 for "Review Order by Magistrate Newman denying Motion for Default Judgment."

C. Allowable Hours

After disregarding the disallowed billing entries, there are 18 hours of billing entries in plaintiff's fee request. The court finds that these entries are properly associated with the preparation of plaintiff's Motion for Entry of Default Judgment and were proximately caused by the Idaho defendants' conduct. As such, plaintiff is entitled to the recovery of fees associated with them.

II. Reasonable Hourly Rate

Plaintiff seeks an hourly rate of $600 for her counsel, Hans Herb. To determine the reasonableness of this requested rate, the court will look to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986). In general, "the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill experience and reputation. Blum, 465 U.S. at 895 n.11.

Plaintiff's counsel, Hans Herb, graduated from law school in 1988 and is an experienced attorney.[2] Herb concedes

---

[2] It is unclear precisely how experienced Mr. Herb is -- neither his affidavit (Docket No. 62-1) nor the resume attached as an exhibit to it indicate the dates of Mr. Herb's prior experience. In other words, though Mr. Herb has evidently practiced law in a variety of contexts, it is unclear exactly how

8

that he is not a specialist in civil rights law and states that his requested $600 per-hour rate reflects his lack of expertise in this area.[3] (Herb Aff. ¶ 15.) The requested rate does not, however, reflect the prevailing market rates in the relevant community, i.e., the Sacramento region.

A review of recent cases indicates that an hourly rate of $280 per hour is appropriate for a lawyer of Mr. Herb's skill and experience.[4] Cf. Deocampo v. Potts, No. 2:06-1283 WBS, 2014 WL 788429 (E.D. Cal. Feb. 25, 2014)(awarding $280 hourly rate to lawyer with approximately 30 years of experience); Levine v. Sleep Train, Inc., No. 2:15-00002 WBS AC, 2016 WL 4368107 (E.D.

---

many of the last 31 years he has spent engaged in the full-time practice of law.

[3] In support of this requested rate, Herb attests that the lowest hourly billing rate provided by his office is $580. (Herb Aff. ¶ 12.) He also points to a 2010 the Sacramento County Superior Court fee award that set his hourly rate at $580 an hour. (Id. ¶ 13.)

[4] In Lehr v. City of Sacramento, No. 2:07-CV-01565-MCE, 2013 WL 1326546 (E.D. Cal. Apr. 2, 2013), the court considered the appropriate hourly rate for an attorney who, though admitted to practice in 1975, did not have substantial experience litigating civil rights cases. The court determined that the attorney's services should be valued at a rate comparable to that charged by civil rights lawyers with 7-10 years of experience and awarded him $260 per hour. Id. at 7.
Defendants ask the court to follow Lehr and assign Mr. Herb a diminished hourly rate based on his lack of experience with civil rights litigation. Doing so, however, would require disregarding several key differences between the instant fee award and that at issue in Lehr. Unlike the attorney in Lehr, Mr. Herb represents plaintiff by himself and does not have the benefit of working with an experienced civil rights litigator. Moreover, this award is for time spent drafting a Motion for Entry of Default Judgment as well as filings related to this fee request; Mr. Herb's lack of expertise in civil rights law is unlikely to have hampered his ability to expertly and expeditiously prepare these filings. Accordingly, with respect to this instant fee request, the court does not find it necessary to discount Mr. Herb's years of experience in determining his reasonable hourly rate.

9

Cal. Aug. 16, 2016)(awarding $260 hourly rate to attorney with 25 years of experience).

Given Mr. Herb's reasonable hourly rate of $280, the lodestar amount is $5,040 ($280/hour x 18 hours). This amount is "presumptively reasonable." See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

IV. Adjustments of the Loadstar Amount

The Idaho defendants advance several arguments as to why the court should adjust the lodestar amount downward. The court will address each in turn.

A. Level of Culpability

In explaining its authority to impose a sanction on the Idaho defendants as a condition of granting their Motion to Set Aside Entry of Default, the court cited Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538 (9th Cir. 1988). In Nilsson, the court conditioned the setting aside default against a defendant who "followed a deliberate, willful, studied course of frustrating plaintiff's attempts at discovery, complicating proceedings, and ignoring court orders" on the payment of a sanction. Id. at 1547.

The Idaho defendants now argue that because the conduct that earned them this sanction is not so bad as that at issue in Nilsson, the loadstar figure used to calculate plaintiff's award should be adjusted downward. The fact that the conduct at issue here may be less egregious than that at issue in other cases is not significant. The court has already determined that because the Idaho defendants created needless work for both plaintiff and the court by failing to respond to the summons and complaint, a

sanction is appropriate in this case. (Docket No. 56). The inconvenience imposed upon the court and opposing counsel is not dependent upon the degree of culpability of the defendants. The court thus declines to excuse the defendants from paying the fee award in its entirety simply because defendants' conduct may not have been as egregious as the conduct at issue in other cases.

B. Relationship Between Plaintiff and Her Counsel

Plaintiff and her counsel have known each other for 30 years and have previously worked together. (Herb Aff. (Docket 62-1) ¶¶ 3-4.) The Idaho defendants argue that in light of this extended professional relationship, and the possibility that plaintiff's counsel is handling plaintiff's case pro bono or at a highly reduced rate, the court should reduce the loadstar amount. Defendants are correct that courts may consider "the nature and length of the [attorney's] professional relationship with the client" in determining reasonable attorney's fees. Kerr, 526 F.2d at 70. In the instant case, however, a reduction in the loadstar is not warranted. Any discounts or savings plaintiff may receive because of her long-term professional relationship with Mr. Herb should not work to the benefit of defendants' attorneys. (Herb Aff. ¶¶ 16-18.)

III. Costs

Plaintiff requests an award of $278.24 in costs: a $152.50 fee for the transcription of the February 19, 2019, hearing on the Idaho defendants' Motion to Set Aside Default; $117.74 for her counsel's travel to the February 19, 2019, hearing; and $8 in parking costs associated with her counsel's appearance at the February 19, 2019, hearing.

1     Like the attorney's fees associated with her counsel's
2 appearance at the hearing on the Idaho defendants' Motion to Set
3 Aside Entry of Default, these costs are not directly associated
4 with the preparation of the Entry for Default Judgment.  As such,
5 they are outside the scope of the award made to plaintiff.  (See
6 Docket No. 56.)  Accordingly, the court will deny plaintiff's
7 request for costs.

IV.  Service of Process Argument

    In their response, the Idaho defendants argue that the sanction is inappropriate because they were not properly served until February, 2019.  Without making any finding as to the adequacy of the service made on the Idaho defendants in their official capacity, the court finds that the Idaho defendants were properly before the court in their individual capacities. (See Docket Nos. 13-19.)  This argument against the fee award is accordingly unavailing.[5]

    IT IS THEREFORE ORDERED that the Idaho defendants, as sued in their individual capacities, shall, within 30 days, pay plaintiff $5,040 in attorney's fees associated with the preparation of her Motion for Entry of Default Judgment.  Upon their timely and complete compliance with this Order, the entry of default against them (Docket No. 22) shall be set aside.

Dated:  April 23, 2019

*William B. Shubb (signature)*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] The issue of the court's personal jurisdiction over the Idaho defendants with respect to the underlying substantive claims in this case (See Defs.' Resp. at 13) is not properly before the court at this time and, as such, the court declines to address it here.

12