UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>Defendants. | No. 2:18-cv-2035 WBS KJN<br><br><u>ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR COURT ASSISTANCE IN FACILITATING PAYMENT OF SANCTIONS BY INDIVIDUAL IDAHO DEFENDANTS</u> |

----oo0oo----

The court has read and considered plaintiff's Ex Parte Application for Court Assistance in Facilitating Payment of Sanctions by Individual Idaho Defendants ("Ex Parte Application"). (Docket No. 68.)

Pursuant to the court's March 20, 2019 Order, the setting aside of the Idaho defendants' default was conditioned

1

upon their payment of attorney's fees and costs associated with the preparation of plaintiff's Motion for Entry of Default Judgment. (Docket No. 56.) On April 24, 2019, the court filed an order requiring the Idaho defendants, as sued in their individual capacity, to pay plaintiff $5,040 in attorney's fees associated with the preparation of her Motion for Entry of Default Judgment. (Docket No. 65.) A few days later, on April 26, 2019, Elisa Magnuson, an Idaho defendant and counsel for the Idaho defendants, e-mailed plaintiff's counsel regarding the sanction payment. (See Ex Parte Appl. at 8.) Ms. Magnuson indicated that the State of Idaho would be making payment via direct deposit and requested that plaintiff's counsel complete a W-9 and provide a voided check to facilitate that process. (Id.) Plaintiff responded raising various concerns about the legality of this proposed mode of payment. (Id. at 7.)

In the instant Ex Parte Application, counsel for plaintiff states that he "...is concerned that he could run afoul of his professional and legal obligations by obtaining payment in the manner proposed by the individual Idaho defendants." (Id. at 3.) Specifically, counsel for plaintiff states that he fears the proposed payment may violate various Idaho state laws concerning misuse of public funds and that his participation in the proposed payment plan may run afoul of California's Rules of Professional Conduct. (See id at 2-4.)

The court declines to adopt the suggestion of plaintiff's attorney to enter an order for the Clerk of the court to take receipt of the sanction payment from the individual Idaho defendants and then issue plaintiff's counsel a check for the

proceeds.  The court is satisfied that the Idaho defendants have done all that was required of them to timely and completely comply with the court's order.  Counsel for plaintiff is free to accept or reject the proffered payment as he sees fit.  The Idaho defendants need not take any further action to comply with the court's order.

    Accordingly, plaintiff's Ex Parte Application for Court Assistance in Facilitating Payment of Sanctions (Docket No. 68) is DENIED.

Dated:  May 8, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE