UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PAMELA DENISE PRINGLE,

        Plaintiff,

   v.

BRENT CARDALL, et al.,

        Defendants.

No. 2:18-CV-02035 WBS KJN

----oo0oo----

After reviewing the parties' Joint Status Report (Docket No. 73), the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for May 28, 2019, and makes the following findings and orders without needing to consult with the parties any further.

I. SERVICE OF PROCESS

All defendants have been served. No other service is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II. JOINDER OF PARTIES/AMENDMENTS TO PLEADINGS

1

Plaintiff is contemplating amending her complaint to remove defendants Amanda Gentry and Noel Barlow-Hust, to eliminate the claim of civil rights conspiracy, and to remove the Idaho defendants in their official capacities. If all parties agree to those amendments, they may be made by written stipulation. No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Subject matter jurisdiction is predicated upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff's claims arise under 42 U.S.C. § 1983. Plaintiff also asserts state law claims. Supplemental jurisdiction over these state law claims is predicated upon 28 U.S.C. § 1367.

Plaintiff alleges that the court has personal jurisdiction over the Idaho defendants because of the strength of their contacts with the district vis-à-vis the allegations of the First Amended Complaint. The Idaho defendants deny that this court has personal jurisdiction over them. (Joint Status Report at 5.)

Venue is disputed. Plaintiff argues that venue is proper in this district because two of the defendants reside in the district and a substantial portion of the acts and/or omissions giving rise to the causes of action in the complaint occurred in the district. (Id.) The Idaho defendants contend that the appropriate forum for this matter is the District of

Idaho. (Id.)

IV. DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by July 12, 2019. They shall timely supplement those disclosures pursuant to Rule 26(e).

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than November 22, 2019. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before December 20, 2019.

All other discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by January 17, 2020. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than January 17, 2020.

V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be

1 | filed on or before March 13, 2020.  All motions shall be noticed
2 | for the next available hearing date.  Counsel are cautioned to
3 | refer to the local rules regarding the requirements for noticing
4 | and opposing such motions on the court's regularly scheduled law
5 | and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for May 26, 2020 at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

1  VII.  TRIAL SETTING
2         A jury trial is set for July 28, 2020 at 9:00 a.m.  The
3  plaintiff estimatess that the trial will last three (3) days.
4  VIII.  SETTLEMENT CONFERENCE
5         A Settlement Conference will be set at the time of the
6  Pretrial Conference.  All parties should be prepared to advise
7  the court whether they will stipulate to the trial judge acting
8  as settlement judge and waive disqualification by virtue thereof.
9  Counsel are instructed to have a principal with full settlement
10 authority present at the Settlement Conference or to be fully
11 authorized to settle the matter on any terms.  At least seven
12 calendar days before the Settlement Conference counsel for each
13 party shall submit a confidential Settlement Conference Statement
14 for review by the settlement judge.  If the settlement judge is
15 not the trial judge, the Settlement Conference Statements shall
16 not be filed and will not otherwise be disclosed to the trial
17 judge.
18    IX.  MODIFICATIONS TO SCHEDULING ORDER
19         Any requests to modify the dates or terms of this
20 Scheduling Order, except requests to change the date of the
21 trial, may be heard and decided by the assigned Magistrate Judge.
22 All requests to change the trial date shall be heard and decided
23 only by the undersigned judge.
24 Dated:  May 23, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5