UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, ANTHONY PENNELLA, SANDY JONES, JUDY MESICK, NOEL BARLOW-HUST, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>Defendants. | No. 2:18-cv-02035 WBS KJN<br><br><u>ORDER RE: MOTION FOR CERTIFICATION OF RULING AS FINAL JUDGMENT</u> |

----oo0oo----

Plaintiff Pamela Denise Pringle sued both Idaho and California defendants under 42 U.S.C. § 1983 asserting violation of her civil rights while serving her prison sentence in Idaho and upon her release. (First Am. Compl. ("FAC") (Docket No. 7).) Defendants Sandy Jones, Amanda Gentry, Noel Barlow-Hust, Judy Mesick, Cindy McDonald, Mark Alan Kubinski, and Elisa Sue

1

Magnuson (collectively "Idaho defendants") moved to dismiss for lack of personal jurisdiction and improper venue on August 28, 2019. (Mot. to Dismiss (Docket No. 53).) This court granted the Idaho defendants' motion to dismiss on August 28, 2019. (Docket No. 85.) Before the court is plaintiff's motion to certify the August 28 order as a final judgment under Federal Rule of Civil Procedure 54(b). (Docket No. 86.)

"Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims." Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 902 (2015). A district court may enter final judgment "as to one or more but fewer than all of the claims" after "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (citations and quotations omitted). Here, the order dismissing the Idaho defendants from this action disposed of plaintiff's claims against the Idaho defendants while other claims remain in the action. Accordingly, the order dismissing the Idaho defendants satisfies Rule 54(b)'s finality requirement.

After establishing finality, a district court will then consider whether there is any "just reason for delay" by assessing equitable factors, such as prejudice and delay, and whether reviewing the certified claims without the remaining claims would subject the case to piecemeal review. Curtiss-

Wright, 446 U.S. at 8-10. Permitting the plaintiffs to appeal this court's order dismissing the Idaho defendants could advance the ultimate termination of this litigation and avoid protracted and expensive litigation. Conversely, the dismissed Idaho defendants and plaintiff alike could be prejudiced by waiting for the conclusion of this case before answering the complaint through loss of witnesses or evidence. Additionally, the jurisdictional claim is "easily severable from the merits of the lawsuit" and deciding the issue now would "serve the efficient administration of justice." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993). Accordingly, the court finds no just reason for delay and it will grant plaintiff's Rule 54(b) motion.

IT IS THEREFORE ORDERED that plaintiff's Motion for Certification of Order as Final Judgment under Rule 54(b) (Docket No. 86), be, and the same thereby is, GRANTED.

IT IS FURTHER ORDERED that the court's Order Re: Motion to Dismiss and Venue (Docket No. 85) shall be, and the same thereby is, entered as a final judgment against the Idaho defendants in this matter.

AND IT IS FURTHER ORDERED that this case is STAYED pending such appeal.

Dated: November 25, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE