UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, ANTHONY PENNELLA, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, JUDY MESICK, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>  Defendants. | No. 2:18-cv-2035 WBS KJN<br><br>ORDER RE: CONDITIONAL SETTING ASIDE OF ENTRY OF DEFAULT |

----oo0oo----

Defendant Anthony Pennella has filed an opposed motion to set aside the entry of default entered against him on November 27, 2018. (Mot. Set Aside Default (Docket No. 105).)

I. Factual and Procedural Background

Plaintiff Pamela Denise Pringle filed her First Amended Complaint on August 3, 2018, alleging violations by multiple

1

California and Idaho defendants of 42 U.S.C. § 1983, 42 U.S.C. § 1985, violations of civil rights under the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and California Penal Code § 136.1(a), among other causes of action. (See First Am. Compl. ("FAC" or "complaint") (Docket No. 7).)

On October 23, 2018, Roger Gold, the litigation coordinator at the Headquarters for the California Department of Corrections and Rehabilitation ("CDCR"), accepted service of plaintiff's FAC and summons on behalf of defendant. (See Decl. of Kelly Heffington in Support of Mot. Set Aside Default ¶ 2 ("Heffington Decl.") (Docket No. 105-3).)

Mr. Gold emailed plaintiff's complaint to the CDCR Office of Legal Affairs, copying defendant on the email. (See id.) Defendant also signed a request for representation by the California Office of the Attorney General and returned it to Mr. Gold for processing. (See Decl. of Anthony Pennella in Support of Mot. Set Aside Default ¶¶ 2-3 ("Pennella Decl.") (Docket No. 105-3).) CDCR's Office of Legal Affairs never completed either Mr. Gold or defendant's request. (See Heffington Decl. at ¶¶ 2-4.) Because defendant believed that his case would be handled by the Office of the Attorney General and that he need not do anything further until contacted by a member of that office, defendant did not respond to plaintiff's complaint. (See Appl. for Entry of Default against Def. Pennella at 2 (Docket No. 23).)

Plaintiff requested an entry of default against defendant on November 26, 2018, though she did not serve defendant with a copy of her request. (See Clerk's Entry of Default as to Anthony Pennella ("Entry of Default") (Docket No.

2

24); Def.'s Reply (Docket No. 108).)  The Clerk entered defendant's default the next day.  (See Entry of Default.)  Since November 25, 2019, this case has been stayed pending plaintiff's appeal of an order granting the Idaho defendants' motion to dismiss for lack of personal jurisdiction.  (See Order Granting Mot. Dismiss (Docket No. 85); Order re: Mot. for Certification of Ruling as Final J.) (Docket No. 98).)  As a result of the stay, no discovery has been conducted in the case thus far.  (See Def.'s Mem. Supp. Mot. Set Aside Default at 8 ("Def.'s Mem.") (Docket No. 105-1).)

II. Discussion

    A.   Motion to Set Aside Default

The Ninth Circuit has emphasized that default judgments are "appropriate only in extreme circumstances; a case should, whenever possible be decided on the merits." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhogg v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001)(citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)).  A district court must find that there is "good cause" to set aside an entry of default. Fed. R. Civ. P. 55(c).  Three factors govern the question of whether good cause exists: "1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff." TCI, 244 F.3d at 696.  The moving party bears the burden of demonstrating that these factors favor setting aside the default.  See id.

        1.   Culpable Conduct

3

1          The defendant's failure to respond to the plaintiff's
2    complaint in this case was not culpable.  "The usual articulation
3    of the governing standard, oft repeated in our cases, is that 'a
4    defendant's conduct is culpable if he has received actual or
5    constructive notice of the filing of the action and intentionally
6    failed to answer.'"  Id. (quoting Alana Neuman Prods., Inc. v.
7    Albright, 862 F.2d 1388, 1392 (9th Cir. 1988)).  In TCI, the
8    Ninth Circuit made clear that "intentional" conduct for the
9    purposes of the culpability standard may encompass a neglectful
10   failure to respond, but only when the defendant's neglect is not
11   "excusable."  Id.  In other words, the defendant must be able to
12   offer a credible, good-faith explanation for his failure to
13   respond.  See id. at 697.  "[W]hen there is no explanation of the
14   default inconsistent with a devious, deliberate, willful, or bad
15   faith failure to respond," the defendant's conduct will typically
16   be found to be culpable.  Id. at 698 (citing Kingvision Pay-Per-
17   View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999)
18   (holding that defendants' conduct was culpable because they
19   ignored the summons and complaint despite "frequent chats" with
20   their lawyers during the period for answer and then filed
21   affidavits falsely claiming they had not been served)).
22        Here, defendant has offered a credible and good-faith
23   explanation for his failure to respond.  Defendant submitted a
24   request for representation to CDCR's litigation coordinator
25   promptly after being served with the plaintiff's summons and FAC.
26   (See Decl. of Anthony Pennella in Support of Mot. Set Aside
27   Default ¶¶ 2-3 ("Pennella Decl.") (Docket No. 105-3).)  Defendant
28   maintains that he did not learn that a default had been entered

1 | against him in this case until July 2020.  (See Def.'s Mem. at
2 | 4.)  It appears that CDCR's Office of Legal Affairs failed to
3 | request that the Office of the Attorney General represent the
4 | defendant in this case, despite receiving a request to do so from
5 | CDCR's litigation coordinator and the defendant's completed
6 | request for representation.  (See Def.'s Mem. at 4-5; Heffington
7 | Decl. at ¶ 3.)  Although defendant arguably should have followed
8 | up with CDCR or the Office of the Attorney General to ensure that
9 | the request for representation had gone through, his failure to
10 | do so was excusable because it was based on a reasonable and
11 | good-faith belief that the Office of Legal Affairs would secure
12 | representation for him and that his attorney would inform him of
13 | any case developments requiring his attention.  See TCI, 244 F.3d
14 | at 697.  Defendant also never received notice from plaintiff that
15 | she had requested entry of his default.  (See Def.'s Reply at 4.)
16 |     Any neglect on the part of CDCR and defendant's counsel
17 | is also excusable.  This matter came back to the attention of
18 | CDCR's Office of Legal Affairs on or around June 4, 2020 when the
19 | Office of the Attorney General informed CDCR that the Office of
20 | Legal Affairs would need to retain outside counsel for defendant.
21 | (See Heffington Decl. at ¶ 5.)  Defendant's supporting affidavits
22 | do not explain why the Office of the Attorney General suddenly
23 | informed CDCR's Office of Legal affairs that defendant required
24 | outside counsel in June 2020, but as soon the Office of Legal
25 | Affairs realized its mistake, it promptly secured outside
26 | representation for defendant and defendant's counsel filed this
27 | Motion to Set Aside Default.  (See id.; Decl. of Janine Jeffery
28 | in Support of Mot. Set Aside Default ¶ 2 ("Jeffery Decl.")

1  (Docket No. 105-3).)

2  Plaintiff argues that defendant's counsel unreasonably
3  added to the delay by waiting until August to bring this motion,
4  instead of filing as soon as she was retained in June.  (See
5  Pltf.'s Opp'n Def. Mot. Set Aside Entry of Default at 4-5 ("Pltf.
6  Opp'n") (Docket No. 106).)  But defense counsel's decision to
7  delay from June until August was based on knowledge that the case
8  was stayed and a good-faith belief that settlement was
9  "imminent," based on the representations of other defense counsel
10 in the case.  (See Jeffery Decl. at ¶ 3.)  These actions do not
11 evidence any devious, deliberate, willful, or bad-faith
12 motivations on the part of defendant or his counsel.  See TCI,
13 244 F.3d at 696.  Accordingly, defendant's conduct was not
14 culpable.

15              2.   Meritorious Defenses
16       The defendant has also shown that he has a meritorious
17 defense.  To satisfy the meritorious defense requirement, the
18 defendant must go beyond general denial of the plaintiff's claims
19 and present specific facts that constitute a defense.  See id.
20 (citing In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978)
21 (explaining that the movant need only demonstrate facts or law
22 showing the trial court that "a sufficient defense is
23 assertible")).

24       Here, plaintiff claims that defendant conspired with
25 the Idaho defendants to violate her Constitutional rights under
26 the Fifth and Fourteenth Amendments.  (See Pltf. Opp'n at 8.)
27 Specifically, plaintiff alleges that defendant failed to process
28 her Interstate Compact Application when he requested that he be

                                6

1 | removed from an email chain concerning the application. (See id.;
2 | FAC at ¶¶ 77, 103.)  This conduct allegedly deprived plaintiff of
3 | her Constitutional right to due process of law and equal
4 | protection under the law because it violated clearly established
5 | Interstate Commission for Adult Offender Supervision ("ICAOS")
6 | Rules and administrative requirements.  (See Pltf. Opp'n at 8).
7 | Plaintiff also claims that defendant violated the Fifth and
8 | Fourteenth Amendments by conspiring with correctional officers in
9 | Idaho to bring false parole violation proceedings against her, so
10 | that Idaho correctional officers could extradite her back to
11 | Idaho in retaliation for lawsuits she had filed against them.
12 | (See id.)

13 |         Not only does defendant generally deny plaintiff's
14 | claims, but he provides specific facts that constitute a defense.
15 | Defendant explains that he declined to be involved in the
16 | processing of plaintiff's application for transfer because she
17 | refused to sign it and claimed that the application had been
18 | fraudulently created by Idaho correctional officers.  (See
19 | Pennella Decl. at ¶ 8.)  Defendant denies conspiring with anyone
20 | in Idaho to create a false parole allegation against her, and, in
21 | fact, attests that he has never even spoken to anyone in Idaho
22 | regarding plaintiff.  (Id. at ¶ 9.)  Defendant also asserts that
23 | plaintiff's parole violation was based on legitimate information
24 | that she had absconded and, in any event, he and Idaho
25 | correctional officers would have had no incentive to create a
26 | false parole violation because Idaho maintained the right to
27 | extradite plaintiff at any time for any reason.  (Id. at ¶¶ 9-
28 | 10.)

7

If defendant's representations are true, his conduct would not violate ICAOS rules or plaintiff's rights under the U.S. Constitution. For the purposes of a motion to set aside default, the court is not tasked with evaluating the veracity of the defendant's claims--whether defendant's claims are true will properly be the subject of later litigation. See TCI, 244 F.3d at 700. It is enough that the defendant allege facts showing that a sufficient defense is ascertainable. Because defendant has done so here, the meritorious defense requirement is also satisfied.

        3.   Prejudice to Plaintiff

Plaintiff will not be prejudiced by setting aside the entry of default against defendant. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case." TCI, 244 F.3d at 701. Rather, the standard is whether the plaintiff's ability to "pursue [her] claim will be hindered." Id. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id.

This case has been stayed since November 25, 2019, pending plaintiff's Ninth Circuit appeal. (See Docket No. 98.) Plaintiff submitted her opening brief to the Ninth Circuit on July 28, 2020, (see Def. Mem. at 8), and no discovery has been conducted in this case and the case has not progressed beyond the pleading stage. Under these circumstances, plaintiff's ability to pursue her claims will not be hindered by setting aside defendant's default. See TCI, 244 F.3d at 701.

8

Because every relevant factor favors setting aside the entry of default against defendant, the court will set aside the defendant's default.

B.  Payment of Attorney's Fees and Costs

District courts may condition the setting aside of an entry of default on the payment of sanctions. See Nillson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec., 854 F.2d 1538, 1546-47 (9th Cir. 1988) ("[I]t is appropriate to condition setting aside a default upon the payment of a sanction."). "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." Id. at 1546; see also Citadel Ltd. V. Dileo, No. LA CV-10-06304 JAK, JCGx, 2011 WL 13217385 at *2 (C.D. Cal. Aug. 11, 2011) (conditioning relief from an entry of default on defaulting defendants' paying plaintiff "reasonable fees and expenses associated with . . . preparing the motion for a default judgment").

Here, it was CDCR's Office of Legal Affairs' neglect of the defendant's request to obtain counsel for him in a timely fashion which caused the default to be entered. (See Heffington Decl. at ¶ 3.)  The defendant may have compounded this mistake by failing to follow up and determine what had become of his request, despite being sued in both his individual and official capacities. (See Def. Mem. at 5.)  Though the conduct of CDCR and defendant was excusable, the payment of plaintiff's attorney's fees associated with the preparation of a motion for default judgment serves as a proper sanction and should

compensate plaintiff for any prejudice she has suffered, including the time she has had to spend responding to this motion.  It should also motivate defendants and CDCR to respond to legal summonses and cases in a timely and efficient manner in the future.

IT IS THEREFORE ORDERED that defendant Anthony Pennella's motion to set aside default (Docket No. 105) be, and the same hereby is, GRANTED, conditioned upon his payment of plaintiff's attorney fees and costs associated with the preparation of plaintiff's opposition to this motion.  Within fourteen (14) days of this order, plaintiff shall submit to the court an itemized fee and cost request accompanied by all relevant records and receipts.  The defendant may file any response to the itemized request within seven (7) days.

Dated:  September 3, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE