UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>        Plaintiff,<br><br>   v.<br><br>BRENT CARDALL, COUNTY OF YOLO, YOLO COUNTY PROBATION DEPARTMENT, SANDY JONES, AMANDA GENTRY, NOEL BARLOW-HUST, CINDY McDONALD, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, JOHN DOES 1-20, and JANE DOES 1-20, inclusive,<br><br>        Defendants. | No.  2:18-cv-02035 WBS KJN<br><br><u>ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS</u> |

----oo0oo----

Following the clerk's entry of default against him, defendant Anthony Pennella ("defendant") moved this court to set aside the entry of default. (Docket No. 105.)  The court granted that motion on the condition that defendant pay the attorney's fees and costs associated with plaintiff's preparation of an opposition to that motion ("Opposition" or "plaintiff's Opposition").  (<u>See</u> Docket No. 110.)  The court previously set

1

forth the legal basis for that ruling as well as the factual and procedural events that precipitated it. (Id.)  The court now turns to the amount of plaintiff's attorney's fees and costs to be paid by defendant.

In calculating the amount of an award of attorney's fees, the court will use a lodestar calculation, i.e., the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Allen v. Shalala, 48 F.3d 456, 458 (9th Cir. 1995).  There is a strong presumption that the lodestar amount is reasonable. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted).  However, the court may adjust the lodestar figure if various factors overcome the presumption of reasonableness.[1] Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

I.   Number of Hours Reasonably Expended

Plaintiff requests that the court award 24.4 hours of attorney's fees in connection with the preparation of her

---

[1] The court may adjust the lodestar figure on the basis of the Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

1   Opposition, which would result in a lodestar value of $6,832.00.
2   (See Aff. of Hans W. Herb ("Herb Aff.") (Docket No. 111-1).)
3   Defendant opposes plaintiff's request on two grounds.  First,
4   defendant argues that plaintiff should not recover any attorney's
5   fees because plaintiff cannot show that her attorney performed
6   any work associated with the preparation of the Opposition.  (See
7   Def.'s Mem. P. & A. Opp'n Pl.'s Fee Req. at 3-6 ("Def.'s Opp'n")
8   (Docket No. 112).)  Second, defendant requests that certain fee
9   entries be stricken or reduced in the event that the court
10  refuses to deny plaintiff's fee request in its entirety.  (See
11  id. at 6-7.)

    A.   Evidence of Plaintiff's Counsel's Work

13          Defendant argues that plaintiff's entire fee request
14  should be denied because it appears that plaintiff herself
15  drafted the Opposition.  (See id.)
16          To establish that a party is entitled to attorney's
17  fees and costs, "the burden of proof is on the party seeking the
18  fee award."  Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th
19  Cir. 1985).  Defendant argues that plaintiff has not met this
20  burden because the affidavit of plaintiff's attorney submitted in
21  support of her motion does not expressly state that it was
22  plaintiff's counsel who did the work on the Opposition of the
23  motion to set aside the default.  (Herb Aff. ¶ 2.)  Defendant
24  also points to the Opposition's overall quality and
25  unprofessional tone, communications between counsel where
26  plaintiff's counsel stated that he "still represent[s]
27  [plaintiff] in the Sacramento case, but primarily as her attorney
28  of record," and the fact that plaintiff's counsel at one point

attempted to withdraw as counsel as evidence that plaintiff's counsel did not himself draft plaintiff's Opposition.  (See Def.'s Opp'n at 4-5.)

From the materials presented by plaintiff's counsel, the court presumes that he, and not his client, performed the work on the Opposition.  Plaintiff's counsel's affidavit expressly states that attached billing records accurately reflect the work performed in drafting the Opposition.  (See Herb Aff. ¶ 2.)  These billing records were printed on letterhead reading "Law Offices of Hans W. Herb," and were addressed to plaintiff for legal services rendered.  (See Herb Aff. Ex. A.)  These records appear to accurately describe the tasks necessary to prepare plaintiff's Opposition to Defendant's Motion to Set Aside Default.  See Diamond, 753 F.2d at 1467.

Moreover, in the same email where plaintiff's counsel states that he is "primarily" representing plaintiff as her attorney of record, plaintiff's counsel expressly states, "I did submit opposition to the motion to have [defendant's] default set aside last week."  (Def.'s Opp'n at 5.)  The court therefore concludes that plaintiff is eligible to receive attorney's fees and costs associated with her Opposition.

B.   Scope of Recoverable Hours and Costs

Defendant further argues that certain entries in the billing records attached to plaintiff's counsel's declaration should be stricken or reduced.  In an entry for 4.8 hours of work on September 2, 2020, plaintiff seeks to recover fees and costs associated with the preparation of a "Supplemental Declaration of Pamela Pringle in support of Opposition, including Exhibits."

(Herb Aff. at 2.)  This "Supplemental Declaration" was essentially a sur-reply, as it was filed after all the moving papers in support of and opposition to Defendant's Motion to Set Aside Default had been filed.  (See Docket Nos. 105-109.) "Although the court in its discretion [may] allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists."  Johnson v. Wennes, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009).  Plaintiff never requested the court's permission to file a sur-reply. Accordingly, the court will disallow plaintiff's September 2, 2020 entry.  Because plaintiff only requested fees for half of the 4.8 hours recorded for this entry, the court will reduce plaintiff's fee request by 2.4 hours.

Plaintiff further requests fees for 0.9 hours of work on September 3, 2020 for "Review Order by Senior Judge William B. Shubb granting Defendant Pennella's Motion to Set Aside Default conditioned on payment of Plaintiff's attorney's fees and costs associated with the preparation of Plaintiff's Opposition; conference with Client regarding same."  (Herb Aff. at 2.)  The court's September 3, 2020, order conditioned the setting aside of defendant Pennella's default on "his payment of plaintiff's attorney's fees and costs associated with the preparation of plaintiff's opposition to this motion."  (Docket No. 110 at 10.) The order did not contemplate fees or costs incurred after its issuance.  Accordingly, the court disallows plaintiff's entry on September 3, 2020, and will reduce plaintiff's fee request by 0.9 hours.

5

         The court therefore finds that plaintiff's fee request contains only 21.1 hours of billing entries for work properly associated with the preparation of plaintiff's Opposition to Defendant's Motion to Set Aside Entry of Default and caused by defendant's conduct.

II. Reasonable Hourly Rate

         Plaintiff seeks an hourly rate of $280 for her counsel, Hans Herb.  In its April 2019 order granting plaintiff's request for attorney's fees, the court determined that an hourly rate of $280 was appropriate for Mr. Herb given his skill and experience.  (See Docket No. 65 (citing Deocampo v. Potts, No. 2:06-1283 WBS, 2014 WL 788429 (E.D. Cal. Feb. 25, 2014)(awarding $280 hourly rate to lawyer with approximately 30 years of experience); Levine v. Sleep Train, Inc., No. 2:15-00002 WBS AC, 2016 WL 4368107 (E.D. Cal. Aug. 16, 2016)(awarding $260 hourly rate to attorney with 25 years of experience)).)  The court finds that this is still a reasonable hourly rate for Mr. Herb.

         Given Mr. Herb's reasonable hourly rate of $280, the lodestar amount is $5,908.00 ($280/hour x 21.1 hours).

III. Adjustments to the Loadstar Amount

         Defendant argues that the lodestar figure used to calculate plaintiff's fee award should be reduced by 50% because plaintiff failed to serve defendant with notice of her request for entry of default under Federal Rule of Civil Procedure 5.  (See Def. Opp'n at 7.)  Had plaintiff provided proper notice of her request for an entry of default, defendant argues, he could have simply entered into a stipulation with plaintiff's counsel at the time to set aside the default without the need for a

6

formal motion or briefing.  (See id.)  Plaintiff has not provided an explanation for her failure to serve defendant with notice of her request for entry of default, at least as a matter or professional courtesy.  (See Docket No. 110; Pl.'s Mot. Att'y Fees & Costs at 4, Ex. A (Docket No. 111).)

      The court agrees that plaintiff's failure to serve defendant with notice of her request for entry of default contributed in part to her need to oppose defendant's motion to set aside that default.  Therefore, to reflect the probability that the motion to set aside the default could have been avoided if plaintiff had simply done so, the court will exercise its discretion to reduce the lodestar amount by 50% to $2,954.00.  See Kerr, 526 F.2d at 69.

      The court finds a further reduction of the lodestar amount to be warranted by the tone and content of plaintiff's Opposition.  As defendant points out, plaintiff's Opposition and her attached declaration were replete with unprofessional and inappropriate statements.  Plaintiff's declaration repeatedly and without evidence accused the defendant of lying to the court and alluded to "confidential sources."  (See Pringle Decl. at ¶¶ 7, 18, 55, 64, 69 (Docket No. 107).)  Plaintiff concluded her Opposition by stating "The first time, it was the Idaho defendants who simply waived a one-finger salute to the Court and threw its summons in the trash.  Defendant Pennella is even more bold as he now seeks to deposit his waste on the courthouse floor."  (Pl.'s Opp'n Def. Mot. Set Aside Default at 12 (Docket No. 106).)

      Though the court does not go so far as to conclude from

these statements that plaintiff herself authored the Opposition, the inappropriate nature of the statements in plaintiff's Opposition does persuade the court to reduce plaintiff's fee request.  "The amount of attorney's fees to be awarded is, of course, within the discretion of the trial court . . . ."  Kerr, 526 F.2d at 69.  "An experienced trial judge is the best judge of the value of professional services in his court."  Diamond, 735 F.2d at 1467.  Statements such as the defendant "now seeks to deposit his waste on the courthouse floor" are entirely unproductive.  They do nothing to aid the court in evaluating the claims before it.  If anything, inflammatory language like that contained in plaintiff's Opposition generally hinders proceedings by distracting the court's attention from the issues legitimately raised by the motion and interfering with parties' willingness to engage in settlement talks or meet and confer on future disputes that arise in the course of litigation.

The court cannot condone or reward a party for including that kind of diatribe in a brief filed with this court.  Accordingly, the court will further reduce plaintiff's attorney's fees by an additional percentage which the court deems fairly attributable to the time spent on conceiving and drafting the inappropriate remarks.

In light of plaintiff's failure to serve defendant with notice of her request for entry of default and the unprofessional nature of her Opposition, the court will reduce plaintiff's overall fee award to $2,000.00.  See Kerr, 526 F.2d at 69.

IT IS THEREFORE ORDERED that the defendant Anthony Pennella shall, within 30 days, pay plaintiff $2,000.00 in

attorney's fees and costs associated with the preparation of her Opposition to Defendant's Motion to Set Aside Entry of Default. Upon defendant's timely and complete compliance with this Order, the entry of default against him (Docket No. 24) shall be set aside.

Dated:   September 29, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE