1   Janine K. Jeffery, Esq. (CBN 112639)
      Jjeffery@reilyjeffery.com
2   REILY & JEFFERY, INC.
    5900 Canoga Avenue, Suite 350
3   Woodland Hills, CA 91367
    Telephone:  (818) 350-6282
4   Fax:  (818) 350-6283
    Attorneys for Defendant, Anthony Pennella

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11
    PAMELA DENISE PRINGLE,                    2:18-cv-02035-WBS-KJN
12
                               Plaintiff,     **ANSWER TO FIRST AMENDED**
13                                            **COMPLAINT; DEMAND FOR JURY**
                                              **TRIAL**
         v.
14

15  BRENT CARDALL, COUNTY OF YOLO,
    YOLO COUNTY PROBATION
16  DEPARTMENT, ANTHONY PENNELLA,
    SANDY JONES, AMANDA GENTRY, NOEL
17  BARLOW-HUST, JUDY MESICK, CINDY
    McDONALD, MARK ALAN KUBINSKI,
18  ELISA SUE MAGNUSON, JOHN DOES 1-20,
    AND JANE DOES 1-20, inclusive,
19
20                             Defendants.

21

22        Answering for himself and no others, Anthony Pennella, hereby, responds to the allegations

23  in the First Amended Complaint filed on behalf of Pamela Pringle.

24

25        1.    Answering paragraphs 1, 95 of the FAC to the extent it contains allegations against

26  this answering Defendant, Defendant denies the allegations therein and further denies that he was

27  responsible in any manner for any damages Plaintiff claims to have suffered.

28

                                            1
    ────────────────────────────────────────────────────────────────────

2.      Answering paragraphs 2, 22, 25-47, 49-71, 73, 74, 76, 82, 88, 89, 91-94, 98-100, and114-127 of the FAC, Defendant lacks sufficient and belief upon which to respond to the allegations therein, and on that ground denies them.

3.      The allegations in paragraphs 3, 4, 6, 8-17, 130, and 170-196 of the FAC are not directed against this answering defendant and as such, no answer is required of him.

4.      Answering paragraph 5, 77, 87, 90, 101-104, 106-108, 110-113, 129-137, 139- 147, 149-157, 159, 161-165, 167-169, and 199 of the FAC, Defendant denies the allegations therein. Defendant further expressly denies that he was responsible for any damages Plaintiff claims to have suffered.

5.      Answering paragraph 7 of the FAC, Defendant admits that at all relevant times, he acted under color of law within the course and scope of his duties as an official of the state of California and that he is sued in his individual capacity.  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 7.

6.      Answering paragraph 18 of the FAC, Defendant admits that at all relevant times he was acting within the course and scope of his duties as an official of the state of California. Except as other admitted, Defendant denies the allegations therein.

7.      Paragraphs 19, 23-24, 75, 78-80, 109, and 160 exclusively contain statements of law which Defendant is not required to answer as they are not factual allegations directed against him.

8.      Answering paragraph 20 of the FAC, Defendant admits that this Court has discretion to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

9.      Answering paragraph 21 of the FAC, Defendant admits that venue is proper in this Court regarding the claims against this answering defendant.  Except as otherwise admitted, Defendant denies the allegations therein.

10.      Answering paragraph 48 of the FAC as to any allegations against this answering Defendant, Defendant denies the allegations therein.

11.      Answering paragraph 72 of the FAC, Defendant admits that he was copied on a January 31, 2017 email purportedly written by Plaintiff.  Except as otherwise admitted, Defendant states that the email speaks for itself.

2

12. Answering Paragraph 81, Defendant denies that Plaintiff did not sign the Interstate Compact Application. Except as expressly denied, Defendant lacks sufficient information and belief upon which to answer the remaining allegations.

13. Answering paragraph 82 of the FAC, Defendant admits that he was copied on a February 7, 2017 email purportedly written by Plaintiff. Except as otherwise admitted, Defendant states that the email speaks for itself.

14. Answering paragraph 84 of the FAC, Defendant admits that he was copied on a February 14, 2017 email written by Mesick. Except as otherwise admitted, Defendant states that the email speaks for itself.

15. Answering paragraph 85 of the FAC, Defendant states that he wrote an email on February 14, 2017. Except as otherwise admitted, Defendant states that the email speaks for itself.

16. Answering paragraphs 86 and 105 of the FAC, Defendant admits that Plaintiff signed the Interstate Compact Application and that she became subject to the ICAOS Rules. Except as expressly admitted, Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations and on that ground denies them.

17. Answering paragraph 128, 138, 148, 158, 166, and 197 of the FAC, Defendant hereby incorporates the answers to paragraphs 1 through 196 as if fully set forth herein.

18. Answering paragraph 198 of the FAC, Defendant admits that an actual controversy exists between Plaintiff and Defendant as evidenced by Plaintiff's lawsuit.

19. To the extent Defendant has failed to answer an allegation in the complaint to which an answer was otherwise required, Defendant hereby denies each and every such allegation.

///
///
///
///
///
///

3

**AFFIRMATIVE DEFENSES**

Defendant further alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENDSE**

20.     Plaintiff's FAC and each claim asserted therein fails to state facts upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENDSE**

21.     The Eleventh Amendment bars plaintiff's official-capacity claims against Defendant for monetary relief.

**THIRD AFFIRMATIVE DEFENDSE**

22.     Defendant is protected from liability under the doctrine of qualified immunity because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**FOURTH AFFIRMATIVE DEFENDSE**

23.     Plaintiff failed to use reasonable care to reduce and minimize the damages, if any, resulting from the acts, events, and circumstances alleged in the complaint, and by such failure to mitigate damages, Plaintiff is a direct and proximate cause of any damages she alleges to have suffered.

**FIFTH AFFIRMATIVE DEFENDSE**

24.     To the extent that Plaintiff has previously litigated the issues raised in his complaint, either in State or Federal Court, the complaint and all claims are barred by the doctrines of res judicata or collateral estoppel.

**SIXTH AFFIRMATIVE DEFENDSE**

25.     Defendant reserves the right to amend his answer, to assert additional affirmative defenses, and to supplement, alter, or change his answer upon the discovery of additional facts.

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and Plaintiff take nothing by this action;

4

1      2.     That Defendant be awarded costs of suit and attorney's fees; and

2      3.     That Defendant be awarded such other relief as this Court deems proper.

3

4    Dated:  November 2, 2020                REILY & JEFFERY, INC.

5

6                                  */S/ Janine K. jeffery*_____
                                  Janine K. Jeffery, Esq.

7                                  Attorneys for Defendant Pennella

8

9                     **<u>REQUEST FOR JURY TRIAL</u>**

10         Defendant hereby requests trial by jury on all issues so triable.

11

12   Dated:  November 2, 2020                REILY & JEFFERY, INC.

13

14                                    */S/ Janine K. Jeffery*_____
                                  Janine K. Jeffery, Esq.

15                                    Attorneys for Defendant Pennella

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL